IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-3298-CV-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Robert Smith petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("the Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. An administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, but retained the residual functional capacity ("RFC") to perform work as general assembler or a table worker. The ALJ thus found him not disabled.

Because the ALJ's opinion is supported by substantial evidence on the record as a whole, the Commissioner's decision is AFFIRMED.

**Background**

A complete summary of the record is presented in the parties' briefs and repeated here only to the extent necessary. Plaintiff filed his pending application on November 9, 2011, alleging a disability onset date of December 31, 2006. He last met the Act's insured status requirements on June 30, 2011.

After the Commissioner denied his application, Plaintiff requested an ALJ hearing. The ALJ conducted a hearing, after which he concluded that Plaintiff's mental RFC required him to

be "limited to simple, routine, repetitive tasks; he needed to work in an environment that did not involve teamwork, tandem work, or more than occasional interaction with coworkers although he could be around coworkers; and he could not have any interaction with the public." R. at 17. The ALJ issued a decision finding Plaintiff was not disabled.

The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a

2
Case 6:14-cv-03298-DGK   Document 14   Filed 06/02/15   Page 2 of 5

continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). At Step Four, the ALJ determines whether a claimant, given his RFC, can perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv).

Plaintiff argues that the ALJ rendered a flawed mental RFC at Step Four by: (1) failing to give controlling weight to the opinions of treating psychologist Richard Adams, Psy.D. ("Dr. Adams"); and (2) giving great weight to the opinion of consultative psychologist Lester Bland, Psy.D. ("Dr. Bland"). These arguments are meritless.

Dr. Adams began seeing Plaintiff on July 6, 2011, the month after Plaintiff's date of last insured. R. at 458. He submitted multiple statements asserting that Plaintiff has numerous moderate and marked limitations. R. at 312–13, 315, 458–60, 463, 465. He twice opined that Plaintiff had these limitations prior to June 30, 2011, his date of last insured. R. at 328, 539–40. In this appeal, Plaintiff focuses on only one of these opinions, which states, "It is clear from treatment, health records, and self report that client's limitations have and did exist prior to 6/30/11. In fact, the symptoms have reached a level that had left client disabled prior to 2011, although the exact day is unclear at this time." R. at 328.

The ALJ must rely on medical evidence to determine a claimant's RFC. 20 C.F.R. § 404.1545(a)(3). "Since the ALJ must evaluate the record as a whole, the opinions of treating physicians do not automatically control." *Bernard*, 774 F.3d at 487. An ALJ may discount or disregard a treating physician's opinion that states only that the claimant is "disabled." *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010) ("[O]pinions that a claimant is 'disabled' or 'unable to work' concern issues reserved to the Commissioner and are not the type of opinions which receive controlling weight."). Moreover, "[w]here the impairment onset date is critical, . . . retrospective medical opinions alone will usually not suffice unless the claimed disability date is

3

corroborated, as by subjective evidence from lay observers like family members." *Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995). Whatever weight the ALJ decides to give a physician's opinion, he must "always give good reasons." 20 C.F.R. § 404.1527(c)(2).

The ALJ permissibly discounted Dr. Adams's opinions that Plaintiff was moderately and markedly limited before June 30, 2011. Dr. Adams never examined Plaintiff during his insured period. The ALJ could reject Dr. Adams's retrospective opinion that Plaintiff was disabled because it offered only a legal conclusion, *see Vossen*, 612 F.3d at 1015, and because it did not cite, reference, or provide corroborating evidence, *see Jones*, 65 F.3d at 104. These were two "good reasons" for the ALJ to reject Dr. Adams's defective retrospective opinions. *See* 20 C.F.R. § 404.1527(c)(2); *Bernard*, 774 F.3d at 487.[1]

In place of Dr. Adams's opinion, the ALJ gave significant weight to Dr. Bland's opinion. R. at 22. Dr. Bland reviewed evidence that predated Plaintiff's date of last insured, concluding that Plaintiff is capable of adapting, understanding, remembering, and maintaining concentration, persistence, and pace in the context of simple, limited social contact activities. R. at 81–95. This opinion is consistent with the mental RFC the ALJ found Plaintiff to have. *See* R. at 17.

Plaintiff argues that the ALJ should have rejected this opinion because Dr. Bland examined Plaintiff on only one occasion. "When one-time consultants dispute a treating physician's opinion, the ALJ must resolve the conflict between those opinions." *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000). The ALJ may resolve it in favor of the one-time consultant when his opinion is "supported by better or more thorough medical evidence." *Id.* (internal quotation marks omitted).

---

[1] Insofar as Plaintiff challenges the ALJ's rejection of certain opinions of Ronald Evans, M.D., and Adam Andreassen, Psy.D., those opinions all postdate his date of last insured. R. at 317–21, 510–21. Plaintiff fails to make an argument for why that was not a valid reason for the ALJ to reject these opinions.

4

The ALJ properly relied on Dr. Bland's opinion. Dr. Bland's opinion is consistent with ample other evidence, including Plaintiff's admissions that he was doing well on medication, and the results of mental status examinations conducted by Ronald Evans, M.D. R. at 84–85. Dr. Bland's report arguably conflicts with the opinion of Deborah Ann Anderson, Psy.D., but the ALJ rejected her opinion, R. at 22, a decision Plaintiff does not challenge. On balance, the ALJ offered ample reasons for relying on Dr. Bland's assessment. *See Cantrell*, 231 F.3d at 1107.

Plaintiff complains that Dr. Bland rendered his opinion without the benefit of fifteen of the eighteen medical reports in the record. Those fifteen medical reports, however, all postdate his date of last insured. Because Plaintiff does not argue why these retrospective reports should be given weight, *see Jones*, 65 F.3d at 104, the Court overrules this argument.

Although Plaintiff views the medical evidence differently, "[i]t is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001). The Court holds that the ALJ properly weighed the medical opinions in formulating Plaintiff's RFC.

Finally, Plaintiff argues that the ALJ's RFC formulation is not supported by substantial record evidence. His argument presumes that the ALJ should have accepted Dr. Adams's opinion and rejected Dr. Bland's opinion. As explained above, that presumption is legally flawed. Therefore, the Court rejects this argument.

## Conclusion

For the reasons above, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  June 2, 2015   /s/ Greg Kays
　　　　　　　　　　　　　　　　GREG KAYS, CHIEF JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT